IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURA PENA-MUNOZ,  No. C 07-04528 SBA (PR)

    Petitioner,  **ORDER OF DISMISSAL**

  v.

PAUL COPENHAVEN, Warden,

    Respondent.
                                   /

## **BACKGROUND**

Petitioner brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. She has paid the full filing fee.

Petitioner is currently serving a term of twelve months of imprisonment on a conviction for bringing in illegal aliens without presentation. She is incarcerated at the Federal Prison Camp in Dublin, California, where Respondent is warden. She filed this petition challenging a Bureau of Prisons (BOP) regulation, 28 C.F.R. § 570.21, that denies inmates placement in a community corrections center (CCC)[1] until the last ten percent or six months of their sentence, whichever is shorter. Petitioner claims that this policy is contrary to 18 U.S.C. § 3621(b), which governs the placement of inmates in BOP custody.

Pursuant to the challenged regulation, Petitioner has been scheduled for transfer to a CCC on June 19, 2008, the beginning of the last ten percent of her sentence. She seeks an order requiring Respondent to consider her appropriateness for transfer to a CCC in light of the factors set forth in 18 U.S.C. § 3621(b), notwithstanding the time limits imposed by 28 C.F.R. § 570.21. She claims to be "in the process of exhausting her administrative remedies through the BOP's administrative appeals process." Pet. at 3.

## **DISCUSSION**

The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available

---

[1] CCCs were formerly known as halfway houses. "Residential reentry center" is also another name for the same type of institutional setting.

judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).[2] The requirement may be waived in limited circumstances, including when pursuit of administrative remedies would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of the exhaustion requirement may be appropriate).

Petitioner argues that pursuing administrative remedies would be futile here because the BOP promulgated the challenged regulation under a categorical exercise of its discretion, and the regulation does not permit exceptions for individual inmates. However, Petitioner's unsupported contention that administrative remedies would be futile does not persuade the Court to waive the exhaustion requirement. The Court notes that all four of the circuit courts that have considered the validity of the BOP's policy have found it invalid. Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Several district courts in the Ninth Circuit have also found the policy contrary to 18 U.S.C. § 3621(b). See Whistler v. Wrigley, 2007 WL 1655787, at *3 (E.D. Cal. June 7, 2007) (listing cases).

Recent actions of the BOP suggest that it may be reconsidering its policy in response to the numerous cases rejecting its regulation as contrary to statute. For instance, in Whistler, the BOP informed the court that it had evaluated the petitioner's request for administrative relief without reference to the time constraints imposed by 28 C.F.R. § 570.21 and had transferred him to a CCC, leading the court to dismiss the petition as moot. Id. at *6-*7. Consequently, it is not clear that Petitioner's pursuit of administrative remedies would be futile; there is a possibility that BOP officials will provide her the relief she seeks. Multiple courts in this district have recognized this possibility, and have required other habeas petitioners challenging the BOP regulation to exhaust their administrative remedies. See, e.g., Carrillo v. Clark, 2007 WL 3026674 (N.D. Cal. Oct. 17, 2007); Rojero v. Clark, 2007 WL 3026415 (N.D. Cal. Oct. 12, 2007); Espinoza v. Clark, 2007 WL 2990157 (N.D. Cal. Oct. 11, 2007); Cristobal v. Clark, 2007 WL 2746742 (N.D. Cal. Sept. 20,

---

[2] Because exhaustion is required under this authority, the Court need not consider that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, also requires exhaustion of administrative remedies in this case.

2

2007); Zavala v. Clark, 2007 WL 2705216 (N.D. Cal. Sept. 14, 2007); Reyna v. Copenhager, 2007 WL 2504983 (N.D. Cal. Aug. 31, 2007); Felty v. Clark, 2007 WL 2438337 (N.D. Cal. Aug. 22, 2007). The Court agrees with the reasoning of these decisions, and concludes that waiver of the exhaustion requirement is not warranted in this case. Therefore, Petitioner's federal petition is unexhausted and must be DISMISSED.

Accordingly, the present petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to Petitioner filing a new one after exhausting the BOP's administrative appeals process. Should she do so, she is advised to file her new federal habeas corpus petition as soon as possible after exhausting. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

The Clerk of the Court shall enter judgment, close the file, and terminate any pending motions.

IT IS SO ORDERED.

DATED: 5/8/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.07\Pena-Munoz4528.dismiss(unexh).frm

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURA PENA-MUNOZ, | Case Number: CV07-04528 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PAUL COPENHAVEN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maura Pena-Munoz 02726298
Federal Prison Camp - Dublin
5675 8th Street - Camp Parks
Dublin, CA 94568

Dated: May 9, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Pena-Munoz4528.dismiss4(unexh).frm